UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSUE ROBLES BERMUDEZ, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 14-cv-10257-IT |
| | * | |
| GARY RODEN, | * | |
| | * | |
| Respondent. | * | |

MEMORANDUM AND ORDER

July 26, 2016

TALWANI, D.J.

I.      Introduction

Petitioner Josue Robles Bermudez has filed a Petition under 28 U.S.C. § 2254 for Writ of

Habeas Corpus [#1], arguing that he is being held in violation of the Fourteenth Amendment

because the trial judge's misstatement of the maximum possible sentence he could have received

deprived him of the right to make a knowing and voluntary plea. Respondent Gary Roden

opposes the petition as time-barred by the one-year statute of limitations set forth in 28 U.S.C. §

2244(d) and on the merits. For the reasons explained below, the Petition for Writ of Habeas

Corpus is DENIED.

II.      Background

A grand jury indicted Bermudez on two counts of trafficking cocaine, one count of

distributing cocaine, three counts of conspiracy to violate drug law, and two counts of inducing a

minor to distribute drugs. Bermudez pleaded guilty to the two trafficking charges and two of the

conspiracy charges. The prosecution entered a *nolle prosequi* on the other four counts.

During Petitioner's plea colloquy, the trial judge stated that the maximum sentence for each count was fifteen years, telling Petitioner that "you are facing the prospect of sixty years in state prison." See Resp't's Supp. Answer ["SA"] 57 [#11]. The maximum statutory sentence per count was, in fact, twenty years. On August 2, 2006, the judge sentenced Petitioner to concurrent terms of twelve to fifteen years on each conviction.

On August 11, 2006, Petitioner filed a notice of appeal. SA 8-9. Later that month, on August 24, 2006, he filed a motion to withdraw his plea ("First Motion to Withdraw") pursuant to Massachusetts Rules of Criminal Procedure 30(b). SA 8. The judge denied this motion five days later on August 29, 2006. SA 8. On June 26, 2008, Petitioner withdrew his appeal. SA 8-9.

More than three years later, on September 20, 2011, Petitioner again moved to withdraw his plea ("Second Motion to Withdraw"). SA 101-02. The Second Motion to Withdraw was denied on September 28, 2011. SA 101.

Almost nine months later, on June 19, 2012, Petitioner filed an amended Second Motion to Withdraw his plea . SA 101. The Superior Court denied the amended Second Motion to Withdraw on June 27, 2012. SA 87. Petitioner appealed the denial of his amended Second Motion to Withdraw his plea to the Massachusetts Appeals Court. On May 24, 2013, the Appeals Court affirmed the denial, stating that the "judge's misstatement did not significantly affect the substance of the requirement" that the judge inform the defendant of the consequences of his plea and that "no injustice results from the denial of his motion." Commonwealth v. Bermudez, 987 N.E.2d 620 (Table) (Mass. App. Ct. May 24, 2013) (citations and quotation marks omitted). On July 3, 2013, Petitioner applied for further appellate review to the Massachusetts Supreme Judicial Court ("SJC"). The SJC denied Petitioner's application for further appellate review. Commonwealth v. Bermudez, 994 N.E.2d 800 (Table) (Mass. Sept. 11, 2013). Petitioner then

filed his petition for writ of habeas corpus for a person in state custody pursuant to 28 U.S.C. §

2254 in this court on January 27, 2014.

III.   Discussion

    *A. Timeliness of Petition*

    Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas

corpus petitions are subject to a one-year statute of limitations, which begins to run when "the

judgment became final by the conclusion of direct review or the expiration of time for seeking

such review." 28 U.S.C. § 2244(d)(1)(A).[1] The statute of limitations is tolled while a "properly

filed application for State . . . collateral review with respect to the pertinent judgment or claim is

pending." 28 U.S.C. § 2244(d)(2).[2] The tolling provision of § 2244(d)(2) does not "reset the

clock on the limitations period . . . but merely stops it temporarily." Trapp v. Spencer, 479 F.3d

53, 59 (1st Cir. 2007), *abrogated on other grounds by* Holland v. Florida, 560 U.S. 631, 649

(2010). Accordingly, § 2244(d)(2) cannot revive a time period that has already expired. Cordle v.

Guarino, 428 F.3d 46, 48 n.4 (1st Cir. 2005).

    Petitioner filed a notice of appeal nine days after sentencing and a Rule 30(b) motion a

few days later. Under Massachusetts law, the validity of a guilty plea may be attacked through a

Rule 30(b) motion. See Commonwealth v. Fernandes, 459 N.E.2d 787, 788 (Mass. 1984) (noting

that "[a] motion for new trial is the appropriate device for attacking the validity of a guilty plea"

(citation and quotation omitted)). The judge denied this motion five days later on August 29,

---

[1] The other dates on which the statute of limitations can begin to run under 28 U.S.C.
§ 2244(d)(1) do not apply here. There was no "impediment… created by State action in
violation" of federal laws that prevented him from filing his petition. 28 U.S.C. § 2244(d)(1)(B).
Nor does Petitioner argue that his petition relies on a "newly recognized" constitutional right, or
a "new factual predicate." 28 U.S.C. §§ 2244(d)(1)(C), (d)(1)(D).

[2] State procedural laws are used to determine whether an application for review of a claim is
"properly filed." Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

2006, SA 8, and Petitioner did not seek further review by an appeal of that order as permitted under Rule 30(c)(8). Instead, Petitioner withdrew his previously filed appeal on June 26, 2008, and sought no further review during the one year period that followed. Accordingly, the time for Petitioner to have filed his petition here extended no later than June 26, 2009.

Had Petitioner filed his second Rule 30(b) motion before June 26, 2009, the Rule 30(b) motion would be treated as a form of collateral review which tolls the statute of limitations for AEDPA purposes.  See e.g. Holmes v. Spencer, 685 F.3d 51, 57 (1st Cir. 2012) (treating petitioner's Rule 30(b) motion as a form of collateral review which tolled the statute of limitations for AEDPA purposes); see also David v. Hall, 318 F.3d 343, 343 (1st Cir. 2003) (referring to a 30(b) motion to withdraw a guilty plea as a "permissible form of collateral attack after a guilty plea"). But Petitioner did not file his second Rule 30(b) Motion until 2011 (and then refiled it as an amended Second Motion to Withdraw in 2012). This late filing does not restart the clock under AEDPA. See Delaney v. Matesanz, 264 F.3d 7, 11 (1st Cir. 2001) (declaring that petitioner's motion for a new trial did not toll the one-year statute of limitations because petitioner filed it after the statute of limitations had already run); see also Dunker v. Bissonnette, 154 F. Supp. 2d 95, 103 (D. Mass. 2001) (stating that granting a petitioner the right to revive an expired statute of limitations would "eviscerate" the purposes of AEDPA's statute of limitations).

Nor can the statute of limitation bar be circumvented by treating the Rule 30(b) motion as seeking direct review. In Massachusetts, a Rule 30(b) motion is the proper way to challenge a guilty plea, and Rule 30(b) allows the trial judge to "grant a new trial *at any time* if it appears that justice may not have been done." Mass. R. Crim. P. 30(b) (emphasis added). In this District, a majority of courts have nonetheless treated the motions as seeking collateral, rather than direct,

review. <u>See</u> <u>Turner v. Massachusetts</u>, No. 12-12192-FDS, 2013 WL 3716861, at *3 (D. Mass. July 11, 2013) (Saylor, D.J.) (noting the inconsistency on the issue and adopting the position that treating a Rule 30(b) motion as direct review would undermine the purposes of finality and prompt habeas review); <u>Davis v. Roden</u>, No. 11-10694-MLW, 2013 WL 1339682, at *3 (D. Mass. Mar. 29, 2013) (Wolf, D.J.) (finding that a Rule 30(b) motion to withdraw a guilty plea is part of "defendant's collateral review and is not a form of direct review"); <u>and</u> <u>Seaver v. Spencer</u>, No. 06-11150-RWZ, 2007 WL 851245, at *2-3 (D. Mass. Mar. 20, 2007) (Zobel, J.) (treating a motion for a new trial as collateral review and stating that a motion for new trial does not reset the statute of limitations clock). A few decisions have considered a Rule 30(b) motion as seeking direct review, <u>Sepulvada v. Roden</u>, No. 11-11491-JLT, 2012 WL 4324407, at *3 (D. Mass. Aug. 16, 2012) (Boal, M.J.) (using the date the SJC denied review of the denial of a petitioner's Rule 30(b) motion for a new trial as the date on which the statute of limitations began running) *adopted by* 2012 WL 4324404 (D. Mass. Sept. 19, 2012) (Tauro, D.J.)); <u>and</u> <u>Mack v. Dickhaut</u>, 770 F. Supp. 2d 429, 433 (D. Mass. 2011) (Tauro, D.J.) (treating a Rule 30(b) motion as direct review because it was petitioner's only means to challenge the validity of his guilty plea). Even in those cases that have treated a Rule 30(b) motion as a direct appeal, however, there is no support for using a *second* Rule 30(b) motion to reopen a final judgment after the expiration of the time to appeal the denial of the first Rule 30(b) motion.

A statute of limitations may also be tolled for other reasons, none of which are warranted here. In "rare and exceptional cases," the statute of limitations may be extended under the doctrine of equitable tolling. <u>Homes</u>, 685 F.3d at 62. The petitioner bears the burden of establishing the grounds for equitable tolling. <u>Id.</u> In doing so, the petitioner must demonstrate

both that he has been "pursuing his rights diligently" and that "extraordinary circumstances have stood in his way." Id. (quoting Holland, 560 U.S. at 649).

Petitioner has not presented any basis for the court to equitably toll the statute of limitations. Section 18 of the Petition, titled "Timeliness of Petition" and requesting an explanation for why the one-year statute of limitations does not bar the Petition, is blank. See Pet. 13 [#1]. Furthermore, it would be difficult for Petitioner to prove that he has been "pursuing his rights diligently," as there was a three-year period in which he took no legal action regarding his case. See Neverson v. Farquharson, 366 F.3d 32, 43 (1st Cir. 2004) (finding an unexplained three-year delay in filing a habeas petition a reason to not equitably toll the statute of limitations). Nor has he shown that "extraordinary circumstances" prevented him from filing his habeas petition sooner. See Lattimore v. Dubois, 311 F.3d 46, 55 (1st Cir. 2002) (stating that equitable tolling is reserved for situations where circumstances "beyond the litigant's control" caused the delay in filing). Finally, courts are also less likely to grant equitable tolling when there is little likelihood of petitioner's success on the merits, which, as discussed further below, is the case here. See Brackett v. United States, 270 F.3d 60, 71 (1st Cir. 2001) (presenting the dubious merits of petitioner's case as a reason not to grant equitable tolling of 28 U.S.C. § 2255's statute of limitations).

For the foregoing reasons, the Petition is untimely and there is no basis to toll the statute of limitations.

### B. Merits of Petition

Even if the Petition were timely, the court would deny the Petition on the merits. A person in state custody is eligible for habeas relief if they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court may

grant a habeas petition when the state court adjudication resulted in a decision that was contrary to or involved unreasonable application of clearly established federal law, or the decision was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

To satisfy the "contrary to… clearly established federal law" provision, a federal court may grant a habeas petition if the state court applied a rule contradicting governing Supreme Court law, or decided a case differently than the Supreme Court has on "materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 405 (2000). A federal court may grant a habeas petition based on an "unreasonable application" of federal law when the state court applied the correct legal principle based on Supreme Court jurisprudence, but applied it unreasonably to the facts of the petitioner's case. Id. at 413. An "unreasonable application" must be more than incorrect, and a reviewing court must review the state court's determinations with "deference and latitude." Harrington v. Richter, 562 U.S. 86, 101 (2011).

Petitioner argues that, as a result of the judge's misstatement, his plea was not "knowing and voluntary" as required under Mass. R. Crim. P. 12(c)(3)(A)(ii) and Mass. R. Crim. P. 12(c)(5).[3] Petitioner states that he would have chosen to go to trial rather than accept the plea had he known the penalties to which he was potentially subjected. See Pet'r's Mem. Supp. Pet. Writ Habeas Corpus [#16]. The clearly established Supreme Court law regarding guilty pleas provides that "if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process. . . ." McCarthy v. United States, 394 U.S. 459, 466 (1969).

---

[3] Petitioner cites Mass. R. Crim. P. 12(c)(3)(B), but appears to be referring to Mass. R. Crim. P. 12(c)(3)(A)(ii), which requires the judge to inform the defendant of the consequences of a plea during the plea colloquy, or 12(c)(5), which requires the judge to make findings that a plea is knowing and voluntary before accepting it. Mass. R. Crim. P. 12(c)(3)(B) requires the prosecution to present the factual basis for the charge.

Voluntariness of a plea is determined by "all of the relevant circumstances surrounding it." Brady v. United States, 397 U.S. 742, 749 (1970).

Here, in denying Petitioner's appeal, the Massachusetts Appeals Court correctly identified the legal standard for assessing the voluntariness of Petitioner's appeal. See Commonwealth v. Bermudez, 987 N.E.2d 620 (Table) (Mass. App. Ct. May 24, 2013) (identifying that for Petitioner's plea to be valid, he must have entered it "intelligently, knowingly, and voluntarily").

Petitioner must show that although the Massachusetts Appeals Court identified the correct legal principle regarding the validity of a guilty plea, the court "unreasonabl[y] appli[ed]" this standard to the facts of his case. Petitioner argues that his plea was not knowing and voluntary because he did not know the maximum penalties he potentially faced, and that he would have proceeded to trial had the judge accurately stated the maximum statutory penalties. See Mem. Supp. Pet. Writ Habeas Corpus [#16]. The Appeals Court determined that the trial judge's failure to correctly state the maximum possible sentence in Petitioner's particular case does not mean that Petitioner's plea was "not entered intelligently, knowingly, and voluntarily . . . or that the denial of the defendant's motion would 'work an injustice.'" Commonwealth v. Bermudez, 987 N.E.2d 620 (Table) (Mass. App. Ct. May 24, 2013) (citation omitted). This determination was not unreasonable, because the judge still sentenced Petitioner within the range he stated (twelve to fifteen years per count) rather than to the actual statutory maximum (twenty years per count), Thus, the actual consequences he faced in pleading guilty did not exceed the erroneous minimum he was told. This fact distinguishes Petitioner's case from those he cited in his appeal to the Massachusetts Appeals Court. See, e.g., United States v. Santo, 225 F.3d 92, 100 (1st Cir. 2000) (concluding that the defendant likely misjudged the consequences of his plea

as a result of the judge's misstatement because his actual sentence exceeded the erroneous minimum he was told); see also United States v. Hernandez-Wilson, 186 F.3d 1, 6 (1st Cir. 1999) (allowing withdrawal of a guilty plea on the grounds that it was not knowing and voluntary because the district judge told the defendant he was eligible for a lighter sentence than he actually was). Therefore, Petitioner has not demonstrated that the Appeals Court unreasonably applied clearly established federal law and there is no merit to his Petition.

IV.    Conclusion

For the foregoing reasons, the Petition for the Writ of Habeas Corpus [#1] is DENIED.

IT IS SO ORDERED.

Date:   July 26,  2016                                      /s/ Indira Talwani
                                                                     United States District Judge